16-2472-bk
*Doris Powledge Phillips v. General Motors LLC, Wilmington Trust Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand seventeen.

PRESENT:    AMALYA L. KEARSE,
            JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

_____

In the Matter of:  Motors Liquidation Company,

            *Debtor.*


------------------------------

Doris Powledge Phillips, Individually and as Representative
of the Estate of Adam Powledge, deceased, the Estate of
Rachel Powledge, deceased, the Estate of Isaac Powledge,                    16-2472
deceased, the Estate of Christian Powledge, deceased, and
the Estate of Jacob Powledge, deceased, FKA Doris Powledge,

            *Plaintiff – Appellant,*

v.

General Motors LLC, Wilmington Trust Company, as
GUC Trust Administrator,

            *Defendants - Appellees.*
_____

1

FOR PLAINTIFF-APPELLANT:              JOSHUA P. DAVIS, Davis Law Group,
                                      Houston, TX.

FOR DEFENDANTS-APPELLEES:             ARTHUR J. STEINBERG (Scott I. Davidson,
                                      *on the brief*), King & Spalding LLP, New
                                      York, NY, *for* General Motors LLC.

                                      Richard C. Godfrey (Andrew B. Bloomer,
                                      *on the brief*), Kirkland & Ellis LLP,
                                      Chicago, IL, *for* General Motors LLC.

                                      GABRIEL K. GILLETT (Mitchell A. Karlan,
                                      Aric H. Wu, *on the brief*), Gibson Dunn &
                                      Crutcher LLP, New York, NY *for*
                                      Wilmington Trust Co.

Appeal from the judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Doris Powledge Phillips appeals the June 22, 2016 judgment of the district court, denying Phillips's request for relief under Federal Rule of Civil Procedure 60(b) because she was not a party or its legal representative. On appeal, Phillips argues that the court should vacate her Settlement Agreement with General Motors Corporation ("Old GM") because Old GM failed to produce responsive documents during discovery and fraudulently induced her to accept the Settlement Agreement. The bankruptcy court held that Phillips lacked "standing" under Rule 60(b) because she had assigned all interest in her claim "without limitation" to a third party. *See* A-100. The district court affirmed the bankruptcy court's decision. A-5-10. For the reasons set forth in the district court's well-reasoned opinion, we find these arguments to be without merit. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

***

We review a bankruptcy court's denial of Rule 60(b) relief for abuse of discretion. *See Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009); *Grace v. Bank Leumi Tr. Co.*, 443 F.3d 180, (2d Cir. 2006). Relief under Rule 60(b) is only available to "a party or its legal representative." Fed. R. Civ. P. 60(b). Since Phillips assigned all claims "without limitation" relating to her lawsuit against Old GM to a third party, she cannot bring a Rule 60(b) motion. *See* A-100.

Our precedents are clear that a transferor is no longer a proper party to the litigation. "An unequivocal and complete assignment extinguishes the assignor's rights against the obligor and

2

leaves the assignor without standing to sue the obligor." *Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat'l Ass'n,* 731 F.2d 112, 125 (2d Cir. 1984); *accord Commonwealth of Penn. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 25 N.Y.3d 543, 550-51 (2015).

Phillips cites several cases that are inapposite here. As the district court noted, we have "'extended standing under Rule 60 to non-parties only twice'—in *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180 (2d Cir. 2006) and *Dunlop v. Pan Am. World Airways, Inc.*, 672 F.2d 1044 (2d Cir. 1982)—and in each instance [we] 'expressly limited [our] holding to the facts' at issue." A-8. Those cases are not analogous to the instant appeal. We have no precedent for allowing substantially affected parties to bring Rule 60 motions once their rights have been transferred to another party. *See Aaron Ferer & Sons Ltd.*, 731 F.2d at 125.

Accordingly, we conclude that the district court properly denied Phillips's motion for Rule 60(b) relief because Phillips is no longer a party within the meaning of Rule 60(b).

## CONCLUSION

We have considered all of appellant's claims on appeal and found them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3